Our next case for argument today is 24-2081, In Re. EcoFactor. Counsel, how do I pronounce your name? My last name is Eichle. Mr. Eichle, did I get that right? Eichle? That's correct. Please proceed. Thank you, Your Honor. May it please the Court. Matthew Eichle for Pellon EcoFactor, Inc. Now, in order for EcoFactor to prevail in this appeal this morning, I need to convince you of two things. First, that the Board erred in rejecting EcoFactor's amendment made during the re-examination proceeding. Second, that the Board erred in its determination that the two prior references, Ehlers and Van Ostren, teach all of the elements of the as-amended claim limitation. Turning to the first issue, the Board erred in sustaining the examiner's rejection of amended independent claims 1 and 9 as, quote, enlarging the scope of the claims being re-examined. But contrary to the Board and examiner's determination, EcoFactor's amendment merely adds a claim element and therefore cannot be considered a broadening amendment under the proper broadening analysis in this Court's precedent, as I'll try to explain now. The as-issued claim 1 only required the system to compare an inside temperature recorded inside a first structure with an estimation for the rate of change in inside temperature. This as-issued claim 1 thus compared a single recorded data point, temperature 1, with an estimated rate of change. EcoFactor amended that claim during re-examination so that the omitted claim 1 required the system to compare an actual rate of change in the inside temperature as recorded inside the first structure with the estimation for the rate of change inside temperature. The as-amended actual rate of change in inside temperature is necessarily and mathematically composed of at least four separate data points. The first temperature, the second temperature, the time the first temperature was taken, and the time the second temperature was taken. In other words, the as-admitted claim 1 still requires the same first inside temperature recording, but it now further requires a second temperature, the time the first temperature was recorded, the time the second temperature was recorded. And it's just narrower in scope. Well, it still requires that temperature, but it doesn't require any comparison to that temperature. It now requires a comparison to a rate of change of temperature, which is a different thing. It is certainly different, Your Honor, but it is not broader than a single memo. Can't we imagine at least one accused device that would infringe that new amended comparison that would not infringe the original comparison? I don't believe we can, Your Honor. I don't believe the director certainly tried in its brief, and I don't believe it succeeded. Because in its brief, an examiner on the board said something similar, Your Honor, that the rejection was required because a rate of change in temperature is not the same measurement, as in quotes, as the inside temperature recorded itself. But 35 U.S.A. 305 does not require amendments to include the exact same language or measurements as the previous claims. In fact, that wouldn't even make any sense, because amendments, by their very nature, change the words, change the claims. The director's brief makes the same mistake when it says that the amended Claim 1 only requires comparing an actual rate of change, not the underlying temperature values used to calculate the actual rate of change. So you're saying, imagine an accused device that compares an actual rate of change 3 degrees per hour, and that device compares that rate of change to an estimated rate of change, whatever it is. You're saying that that infringes the initial patent because one of the elements of the actual rate of change is T1, is an actual temperature? That's correct. Because the amended language, and I have the amended claim in front of me, because obviously the language is very important, it's to compare an actual rate of change in inside temperature recorded. So it still requires that inside temperature to be recorded, not just at time 1, but at time 2 and at time hex. But that's just one of the elements of the calculation. I mean, it's still a completely different thing for the first thing to be compared to be a rate of change versus a temperature, an actual temperature. Absolutely, I cannot dispute that it is different to compare one temperature than to compare a rate of change of temperature. Argument is that a rate of change of temperature is not broader than the single comparison of a single temperature, which is what 35 U.S.C. 305 prevents in re-examination proceedings. It says you can't broaden the claims. It doesn't say you can't have a different measurement or different claims, it just says you can't broaden the- How is it not broad when it's different? If you now have a device that compares a rate of change in temperature with an estimation, that device would not infringe the original claim, which compared an actual temperature with an estimation. So that's broader. That's necessarily unequivocally broader. I don't understand. I'm just completely baffled. Because even- Mind blown. Even in the language you said, Your Honor, it's not just a rate of change. It's not divorced from units or divorced from the actual temperatures. It's an actual rate of change in inside temperature recorded inside the first structure. So what? It's a rate of change. That's a totally different thing. That would not result in infringement of the originally written claim. You, absolutely not. You, comparing a rate of change would not infringe the original complaint, which was comparing it to one of the two numbers used to determine the rate of change. It's definitely a different animal. It would not infringe the original claim. I agree- Therefore, broader. Therefore, broader. I agree it's a different animal, but I disagree that it would not infringe the initial claim one. Okay, well, you lose. That's it. I mean, that's just not reasonable. I mean, the idea that a system could compare an actual rate of change in the recorded inside temperature without looking at those two inside temperatures- Of course they look at them, but they're not comparing them. The claims only address comparing these things. It doesn't address using it as an input for something you would then compare to it. I mean, respectfully, your hypothetical is a mathematical impossibility. You cannot have a rate of change without having the underlying measurements. Correct, but you have two measurements. You can't have a rate of change with a single measurement, either. In order to achieve a rate of change, i.e. a slope, you need two data points, not one. Absolutely agree. That's our argument, Your Honor, that you must have a first temperature as the as-issued claim- But you're not comparing it to the first temperature. The first temperature is the only thing claimed in the original claim, is comparing it to a single temperature in isolation. One temperature. Now, instead, you're comparing it to a rate of change calculated from multiple temperatures. You're not comparing it to the single temperature anymore. No, you're comparing it to that plus the second temperature plus the first time plus the second time in order of operations to become the actual rate of change, but it's the rate of change of the inside temperature recorded. That's why I keep looking at the, the emitted claim language is important. We still have the recorded inside temperature. We still have the comparison. But that's not what you're comparing. No, that's not what you're comparing. You're no longer comparing it to the inside temperature. So if you have a device that infringes because it compares a rate of change as opposed to comparing to the actual temperature, that would absolutely not infringe the original claim. That's, that's it. It will not surprise you, Your Honor, that I disagree with that. Well, I understood, I understood that from your brief. I just, I just, I don't understand how. Do you have anything further? Well, I do. I mean, I think the second point, since I have prevailed on two points, Your Honor, the second point is that the board also erred in sustaining the objection over Ehlers and Van Ostrin. I'll take it very briefly. The board, the examiner, the director's brief all admits that Ehlers doesn't disclose the amended wearing clause. They go on to look at Van Ostrin and says, Van Ostrin discloses some but not all of the second wearing clause. To fill that gap that Van Ostrin doesn't include all the second wearing clause, the board and now the director say, well, let's look back at Ehlers. But they just said that didn't even include that element. And so our position, which is, I think, pretty simple, is that you can't point to two references neither one of which includes the entire claim limitation to satisfy that claim limitation. And because of this, the board's rejection of the as amended claims over the combination of Ehlers and Van Ostrin was not supported by substantial evidence and should be reversed. And unless the court has additional questions, I'm happy to yield the remainder of my time. All right, thank you. Thank you, Your Honor. Mr. Patel. I may please record, I'm Fahad Patel with the USPTO. I don't think I need to say a whole lot here on the broadening issue, except that the issue is dispositive. So if the court affirms the board on the improper broadening question, then it need not reach the obviousness question. And just to reiterate kind of the comments from the court, it's pretty simple, it's open and shut. The original claims required a temperature value. The amended claims required a rate of change. They're two different values. A rate of change does not somehow include everything that was used to compute the rate of change. There's no case law from this court that would, or no kind of claim construction that we've seen that would require such a result. So I'm not gonna take any more of the court's time, unless you have any further questions, I'll yield the remainder. I'll just ask if you could respond briefly, I mean, to this thought. I don't think the petitioner or appellant argues this precisely, but is it even meaningful to compare a temperature to a rate of change? And the reason I ask that is I'm wondering if this is a situation where this is sort of always what they meant with this patent? Because, I mean, what does it mean to compare 70 degrees to three degrees per hour change? And if that's true, you can, it makes it, you know, a very charitable interpretation would be, well, this is kind of always what was meant, and the fact that the actual temperature in the initial patent claim was, you know, actually part of a calculation that is then compared to an estimated rate of change, and this is sort of always what was meant. To be clear, I don't think they kind of argue that, argue it that way, but could you address that briefly? I can't, I mean, I can't speak to the, you know, eco-factors motivations as to their claim amendment. In other words, why did they amend the claims the way they did? There is a history to this patent, and we don't get into it in the briefing, but we kind of referenced it in our related cases, where this patent was actually, claim one was actually found invalid in front of the district court. Judge Albright found it invalid under section 112 written description, and we actually dug into the history. We couldn't find the judge's decision on that, but it appears that the court in Texas found the claim invalid for precisely the reason that you articulated, which was, Your Honor, which was that it doesn't really make sense to compare a single temperature value with a rate of change, and on that basis, the court found the claim invalid. That got appealed to this court, actually, and was voluntarily dismissed, so a mandate did issue. So technically, claim one, as issued, has been finally determined to be invalid, and we think perhaps that might have been the reason why eco-factors trying to amend the claims in the way they did here. And then the only other question I'll ask is, what about this argument that there is, that this is necessarily narrowing, not enlarging the scope of the claim, because any device that compares the actual rate of change with an estimated rate of change necessarily starts with an actual temperature? I think the key issue is, what is actually being compared? Because certainly, to come up with a rate of change, there has to be some prior computation to determine the rate of change involving an underlying temperature value. That's sort of basic, straightforward math, and we're not fighting about that. But the claim specifically requires comparing an actual rate of change, and it's really a question of claim construction. Does the claim term actual rate of change encompass within its scope all the values that were used to calculate the rate of change? And there's just simply, in the case law and in the record, in the spec, even if you did a Markman analysis and looked at the claim language, the spec, there's nothing that would compel that type of construction here. Why don't you, just for a second, explain to us, within the PTO, when you wanna make a change to an already issued patent, there are a number of different processes available to an applicant, right? There's reissue, which has certain limits, then there's also a correction of errors process, isn't there? Can you explain just a little bit about, because if this were an error, and they always sort of meant something, but said the wrong thing, there's an error correction process that's a little different from reissue, isn't there? I don't have those procedures at my fingertips for correction of errors. I'm not sure if this, I mean, I'm not sure if this would count as an error or not. I mean, this is sort of a 112 issue written description. I don't know if this was like a mistake or an error, per se. Perhaps it could be considered as such, and I know there's ways to deal with that. I think if it were within two years of issuance, there could be a reissue to correct, or I guess to sort of change the claim language. But this is sort of well outside of that time period. So, okay, well, that's helpful. So you don't, it's unfortunate you don't know the correction of the error statute. Maybe you could have a little primer on that when you go back to the PTO. But the other point you just made is a very good one. The reissue statute allows for two different types of reissue, doesn't it? Within the first two years, you're allowed to broaden your claims. So if you've made a mistake in the claiming of any kind, whether it's I meant one thing, but I said the other, or I just didn't claim as broad as I should have, and my spec supports it, within those first two years, you're allowed to make these kinds of amendments if the claim would be supported by the spec, correct? That's correct, yes. But we're outside the two-year window. And once outside the two-year window, reissue does not allow broadening amendments. It allows amendments, but only narrowing amendments, or identical scope amendments, right? Yes. Absolutely. That's very helpful. Anything else for the court? No. Okay, thank you. Just one very short point, Your Honors. As my colleague just mentioned, actual rate of change in inside temperature recorded, the new language in the as-admitted claim, is a claim construction issue. And the effective position in our brief and here today is that an actual rate of change in the recorded inside temperatures of course includes those inside temperatures themselves. Thank you. Okay, I thank both counsel. This case is taken under submission.